GLENN W. PETERSON, ESQ. (SBN 126173)
**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone No: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff
Back Shop Tiefkühl GmbH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACK SHOP TIEFKÜHL GMBH, a Foreign Corporation,<br><br>               Plaintiff,<br>     vs.<br><br>GN TRADE, INC., A California Corporation; VLADIMIR DEMIN; VLADIMIR SHEVCHENKO; ALEX ALMANSKY; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No.  2:12-CV-00540-WBS-KJN<br><br>**STIPULATED PROTECTIVE ORDER**<br>_____<br><br>Complaint Filed:  February 29, 2012<br>Trial Date:          October 29, 2013 |

      Plaintiff Back Shop Tiefkuhl Gmbh  ("Back Shop") and Defendants GN Trade, Inc.,

Vladimir Shevchenko, and Alex Almansky (collectively "Defendants") jointly stipulate to entry by

the Court of a Protective Order as set forth below pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure.

      Based on the stipulation of the Plaintiff and Defendants (individually a "party" and

collectively the "parties") to entry of the following Protective Order pursuant to Rule 26(c), Federal

Rule of Civil Procedure, and for good cause shown,

/ / /

/ / /

MILLSTONE
PETERSON&
WATTS, LLP

IT IS HEREBY ORDERED THAT:

1.      Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good faith opinion of a party contains any trade secret or other confidential development or commercial information ("Confidential Information"), may be designated by the parties as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the provisions of this Protective Order.

2.      As a general guideline, Confidential Information should be designated CONFIDENTIAL when it contains confidential business, technical or other information that may be reviewed by the other party, the parties' experts, and other representatives, but must be protected against disclosure to third parties.  Confidential Information may be designated ATTORNEYS EYES ONLY when it contains highly sensitive information such as financial information, cost information, pricing information, sales information, customer license, customer, manufacturer, supplier, and vendor information, software and firmware for a party's products, technical and development information about a party's products, comparative product test results, business plans, marketing strategies, new product plans and competitive strategies, or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the other party or third parties.  Confidential Information shall be clearly marked, noticed or designated "CONFIDENTIAL."   ATTORNEYS' EYES ONLY information shall be clearly marked, noticed or designated as "ATTORNEYS' EYES ONLY."

3.      Confidential Information must be designated as follows:

(a)      Documents or copies provided to another party in response to discovery requests containing Confidential Information may be designated by any party as either CONFIDENTIAL or ATTORNEYS' EYES ONLY by marking the page or the pages on which the Confidential Information appears with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(b)      In lieu of marking the original of a document which contains Confidential Information prior to inspection, a party may orally designate documents being produced for inspection as CONFIDENTIAL or ATTORNEYS' EYES ONLY thereby making them subject to this Protective Order.  However, copies of such documents ultimately produced must be marked

STIPULATED PROTECTIVE ORDER

1    CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time any such documents are supplied to

2    inspecting counsel in order to make such copies subject to this Protective Order.

3         (c)     Confidential Information disclosed at a deposition, whether by testimony or use of a

4    document or thing, may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by

5    clearly indicating on the record at the deposition the specific testimony containing Confidential

6    Information that is to be made subject to the provisions of this Protective Order.  Documents, things,

7    or information not designated on the record of the deposition as CONFIDENTIAL or

8    ATTORNEYS' EYES ONLY may thereafter be designated as such by notifying the other party in

9    writing within fourteen (14) days of the receipt of the transcript of such deposition.  During that

10   fourteen (14) day period, the deposition transcript, and any documents, things, and information shall

11   be treated as ATTORNEYS' EYES ONLY.  If a designation is made, each party shall attach a copy

12   of any such written notification to the face of the deposition transcript and each copy thereof in its

13   possession, custody or control.

14        (d)     Confidential Information contained in responses to interrogatories, other discovery

15   requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, may be

16   designated by prominently marking every page of such documents containing Confidential

17   Information with the legend CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Copies of such

18   items filed with the Court shall be maintained under seal pursuant to the provisions of Section 11

19   hereof.

20        (e)     Tangible objects constituting or containing Confidential Information may be

21   designated by affixing to the object or its container a label or tag marked CONFIDENTIAL or

22   ATTORNEYS' EYES ONLY.

23        (f)     Notwithstanding any other provisions of the Protective Order, any party may

24   designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY any testimony of and/or documents

25   produced by that party's agent, sales representative, or technical or business consultant, and such

26   testimony or documents shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY

27   subject to being contested pursuant to paragraph 7 herein.

28   / / /

STIPULATED PROTECTIVE ORDER

1    (g)    Should any person or entity with access to documents, things or information

2  designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY make copies, extracts, summaries,

3  descriptions, projections and/or extrapolations of or from the documents, things or information

4  designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or any portions thereof, such

5  copies, extracts, summaries, descriptions, projections and/or extrapolations shall be stamped

6  CONFIDENTIAL or ATTORNEYS' EYES ONLY consistent with the original information and

7  treated as Confidential Information pursuant to the provisions of this Protective Order.

8    4.    Confidential Information designated ATTORNEYS' EYES ONLY shall only be

9  disclosed to and made available to the following:

10    (a)    "Outside Trial Counsel" of record and employees of such attorneys to whom it is

11  necessary that the material be shown for purposes of this litigation; court reporters and

12  videographers receiving or transcribing the documents, things or information in connection with

13  official reporting (for example, at a deposition or a hearing); the Court; outside photocopy, imaging,

14  database, graphics, design, computer simulation modeling, or exhibit production services, to the

15  extent necessary to assist such Outside Trial Counsel for purposes of this litigation.

16    (b)    Outside consultants, or expert witnesses who are not employees, directors, officers, or

17  agents of any party, performing services solely in connection with the prosecution or defense of this

18  litigation together with their clerical or support personnel, provided that each consultant or expert

19  executes an acknowledgement pursuant to Section 6 herein.

20    (c)    Witnesses who are expected to testify in Court or in a deposition only if such persons

21  have prior knowledge of the ATTORNEYS' EYES ONLY information.

22    (d)    Court reporters and videographers of any deposition in this action and their associated

23  employees and personnel.

24    5.    Confidential Information designated CONFIDENTIAL shall only be disclosed to and

25  made available to the following:

26    (a)    The persons identified in Subsections 4(a), 4(b), 4(c), and 4(d);

27    (b)    The parties (i.e. employees of the corporate parties); and

28    (c)    Witnesses who are expected to testify in court or in a deposition only if such persons

STIPULATED PROTECTIVE ORDER

1    have prior knowledge of the CONFIDENTIAL information.

2        6.      Prior to receiving Confidential Information, any person in subsections 4(a), 4(b), 4(c),

3    4(d), 5(b) and 5(c) shall sign an acknowledgement in the form of Exhibit A attached hereto.  Any

4    individual identified pursuant to this subsection who has executed Exhibit A shall be treated as

5    subject to this Protective Order.  A willful violation of any material term of this Protective Order by

6    any such individual may be punishable as contempt of court.

7        7.      If the party to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY documents,

8    things or information has been produced believes that any of the documents, things or information

9    has been improperly designated, the receiving party may at any time request the party which made

10   the designation to cancel the designation with respect to any documents, things or information and to

11   agree that thereafter such document, thing or information will no longer be subject to certain or all of

12   the provisions of this Protective Order.  Such request shall be in writing and shall particularly

13   identify the information that is contested, including the reasons supporting the contentions.  If the

14   party which produced the documents, things, or information objects to the requested declassification,

15   it must, within two weeks of its receipt of the request to declassify or such other time as the parties

16   may mutually agree, file and serve a motion for a protective order supporting its classification.  The

17   party claiming the higher designation of protection shall have the burden of establishing the status of

18   the particular document, thing, or information.  If no such motion is timely filed, the party objecting

19   to the designation shall be entitled to treat the documents and/or information in accordance with the

20   written request of such party.  If the producing party files such a motion, the document or

21   information at issue will continue to be entitled to the protections accorded by this Stipulated

22   Protective Order pursuant to their original designation until and unless the Court rules otherwise.

23       8.      No copies of documents, things or information designated as CONFIDENTIAL or

24   ATTORNEYS' EYES ONLY shall be received, kept, or maintained by persons other than those

25   authorized to do so under this Protective Order.

26       9.      When a party gives notice to another party that, during an oral deposition,

27   CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, things or information are expected

28   to be produced, used or discussed during the deposition, then only persons authorized to receive such

STIPULATED PROTECTIVE ORDER

information pursuant to this Protective Order will be allowed to attend that portion of the deposition on behalf of the receiving party.

10.     To the extent it is necessary to file with the Court any material containing or materially referring to any CONFIDENTIAL or ATTORNEYS' EYES ONLY document(s), thing(s), or information, the parties shall file such documents under seal.

11.     Each party's production of any document(s), thing(s), or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be solely for purposes of and use in this action, and those documents, things and information shall not be used for any other purpose.  If any such document(s), thing(s), or information properly becomes a matter of public record without an order of Court causing the same to be retained under seal or retained in an otherwise confidential manner, then the parties will have the same rights to utilize the document, things, or information as the public at large under the First Amendment.

12.     Within one hundred twenty (120) days after the conclusion of this action and any appeal taken here from, all documents, things, and other materials produced or designated as containing Confidential Information, and all reproductions thereof, shall be returned to the party who produced them except that counsel for each party may retain one entire set of pleadings and depositions (including exhibits) in this case.  Any party may, at their option, destroy annotated copies or summaries of Confidential Information in lieu of returning those copies and summaries to the producing party.

13.     If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Protective Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order in sufficient time to allow for the designating party to seek a protective order.

14.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item, or the

STIPULATED PROTECTIVE ORDER

1   information contained therein, so designated except pursuant to the provisions of this Protective

2   Order.

3       15.    Persons obtaining access to stamped confidential documents under this Protective

4   Order shall use the information only for preparation and trial of this litigation (including appeals and

5   retrials), and shall not use such information for any other purpose, including business, governmental,

6   commercial, administrative, or other judicial proceedings.

7       16.    The attorneys of record are responsible for employing reasonable measures,

8   consistent with this Protective Order, to control duplication of, access to, and distribution of copies

9   of stamped confidential documents.

10      17.    The disclosure of Confidential Information under the terms of the Protective Order

11  shall not constitute a waiver of confidentiality for the documents and things so designated.

12  Specifically:

13          (a)    Review of the confidential documents and information by counsel, experts, or

14  consultants for the litigants in the litigation shall not waive the confidentiality of the documents or

15  objections to production.

16          (b)    The inadvertent, unintentional, or in camera disclosure of confidential

17  documents and information shall not, under any circumstances, be deemed a waiver, in whole or in

18  part, of any party's claims of confidentiality.  If a party through inadvertence or mistake produces

19  discovery of any Confidential Information without marking it with the legend CONFIDENTIAL or

20  ATTORNEYS EYES ONLY, or by designating it with the incorrect level of confidentiality, the

21  producing party may give written notice to the receiving party that the document or information

22  contains Confidential Information and should be treated as such.  Upon receipt of such notice, and

23  upon receipt of properly marked materials, the receiving party shall return or destroy said unmarked

24  or improperly marked materials and not retain copies thereof.

25      18.    Notwithstanding the termination of this action, persons who have had access to

26  CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, things or information shall remain

27  subject to the terms of this Protective Order.

28  / / /

STIPULATED PROTECTIVE ORDER

1    19.    This Protective Order may be modified by written agreement of the parties or by

2  further order of the Court.  Each party shall also have the right to petition the Court to modify this

3  Protective Order or for additional protection under Fed.R.Civ.P. 26(c).

4    20.    The terms of the this Protective Order are applicable to Confidential Information

5  produced by a non-party, such non-party may designate Confidential Information produced by it in

6  connection with this litigation, and the Confidential Information is protected by the remedies and

7  relief provided by the Protective Order. Moreover, if either party believes that the records to be

8  provided by a non-party contains CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the

9  party asserting the confidentiality protection can designate the documents as such on behalf of the

10  third party and/or in addition to the third party designation by advising the party that issued the third

11  party subpoena within 14 days of the service of the deposition notice and/or subpoena on the party

12  alleging the confidentiality protection. If such designation is made all records to be produced by a

13  third party shall be designated as ATTORNEYS' EYES ONLY until these are declassified as

14  provided in this Protective Order.

15    21.    This Protective Order is not intended to expand the right of the parties hereto to

16  demand privileged information that is not relevant to these proceedings or to otherwise expand the

17  scope of discovery under Rule 26 of the Federal Rules of Civil Procedure.

18    IT IS APPROVED AND SO ORDERED, except that the marking of materials as

19    "Confidential" and "Attorneys' Eyes Only" will not automatically result in the sealing of

20    such materials filed with the court.  The sealing of documents is never automatic, and the

21    parties are required to file a request to seal in accordance with Local Rule 141 and the

22    Federal Rules of Civil Procedure.  Additionally, nothing in this order shall be construed as to

23    limit in advance the examination of, or testimony by, parties or non-parties at any court

24    hearing or trial.  Such determinations will only be made by the court at the hearing or trial, or

25    upon an appropriate motion.

26

27

28

STIPULATED PROTECTIVE ORDER

**Date:  3/22/2013**

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Agreed to and Accepted by:

DATED:  March 22, 2013                    **MILLSTONE PETERSON & WATTS, LLP**
                                          _Attorneys at Law_


                                          By:        /s/ Glenn W. Peterson
                                                  GLENN W. PETERSON

                                          Attorneys for Plaintiff
                                          Back Shop Tiefkühl GmbH


DATED:  March 22, 2013                    **LAW OFFICES OF RODNEY T. LEWIN**


                                          By:        /s/ Rodney T. Lewin
                                                  RODNEY T. LEWIN
                                               (AS AUTHORIZED ON 3/22/13)

                                           Attorneys for Defendant
                                           Alex Almansky

DATED:  March 22, 2013


                                          By:        /s/ Vladimir Shevchenko
                                                  VLADIMIR SHEVCHENKO
                                               (AS AUTHORIZED ON 3/22/13)

        I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.
**MILLSTONE PETERSON & WATTS, LLP**
/s/ Glenn W. Peterson

STIPULATED PROTECTIVE ORDER

1

**EXHIBIT A**

2

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

4

| | |
|---|---|
| 5   BACK SHOP TIEFKUHL GMBH, a Foreign Corporation, | **CASE NO. 2:12-CV-00540-WBS-KJN** |
| 6 | |
| 7          Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 8 | _____ |
| 9          vs. | Complaint Filed:  February 29, 2012 |
| 10  GN TRADE, INC, a California  Corporation, VLADIMIR DEMIN,  VLADIMIR | Trial Date:  October 29, 2013 |
| 11  SHEVCHENKO, ALEX ALMANSKY and DOES 1 through 10, inclusive, | |
| 12 | |
| 13          Defendants. | |
| 14 | |

15      This is to certify that I have read and understand the Stipulated Protective Order (the

16  "Order") entered in the above-captioned action and agree: (a) to be bound by the terms and

17  conditions set forth in the Order; (b) not to reveal to anyone, other than another persons listed in

18  Section 6 of the Order, any documents, things or information designated under the Order as

19  "Confidential"; (c) not to reveal to anyone, other than another persons identified in Section 5 of the

20  Order, any documents, things or information designated under the Order as "ATTORNEYS' EYES

21  ONLY" and (d) to utilize such documents, things and information solely for purposes of and in

22  connection with the above-captioned action.  In addition, I hereby consent to the jurisdiction of the

23  above-identified Court for purposes of enforcing the Order.  I agree that a willful violation of any

24  material term of the Order may be punishable as contempt of court.

25  Dated: _____              _____

26                                       Signature

27                                       _____

28                                       Printed Name

STIPULATED PROTECTIVE ORDER