1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BACK SHOP TIEFKUHL GMBH,

11              Plaintiff,              No. 2:12-cv-0540 WBS KJN

12       v.

13   GN TRADE, INC., et al.

14              Defendants.            ORDER AND
                                       FINDINGS AND RECOMMENDATIONS
15   _____/

16              Presently pending before the court is plaintiff Back Shop Tiefkuhl GMBH's

17   motion to compel disclosures and discovery from defendants GN Trade, Inc. and Vladimir

18   Demin, along with a request for monetary and terminating sanctions to be imposed against these

19   defendants, which was noticed for hearing on June 27, 2013.  (ECF No. 48.)[1]  Because plaintiff's

20   motion involves an alleged complete and total failure to respond to a discovery request or order,

21   defendants were required to file an opposition to the motion seven (7) days prior to the hearing,

22   i.e., by June 20, 2013.  See E.D. Cal. L.R. 251(e).  Although that deadline has passed, defendants

23   GN Trade, Inc. and Vladimir Demin failed to file an opposition to plaintiff's motion.

24   _____

25       [1] Defendants GN Trade, Inc. and Vladimir Demin are proceeding without counsel.
     Defendant Vladimir Schevchenko, also proceeding without counsel, and defendant Alex
26   Almansky, represented by counsel, are not implicated by plaintiff's present motion.

1     A hearing on the motion was nonetheless conducted on June 27, 2013.  At the

2  hearing, Stephen Hamilton appeared on behalf of plaintiff, and defendants GN Trade, Inc. and

3  Vladimir Demin failed to appear.  After considering plaintiff's briefing and supporting

4  documentation, the oral argument at the hearing, and the applicable law, the court imposes

5  monetary sanctions against defendants GN Trade, Inc. and Vladimir Demin, and further

6  recommends that terminating sanctions (as specified below) be issued against these defendants.

7  BACKGROUND

8     Plaintiff commenced this action on February 29, 2012.  (Complaint, ECF No. 2

9  ["Compl."].)  Plaintiff is a German corporation that produces a diverse line of frozen European

10  bakery products, which are sold throughout the United States under the name and mark "Back

11  Shop," in which plaintiff claims to have established protectable common law trademark rights.

12  (Compl. ¶¶ 4, 9-10.)  According to plaintiff, defendant GN Trade, Inc., which does business

13  under the name and mark "Backer Back," is a California corporation with its principal business

14  office in Sacramento, and the individual defendants are all involved with GN Trade in some

15  capacity.  (Id. ¶¶ 5-6.)  Plaintiff essentially alleges that defendants have been selling Back Shop

16  products through improper and illegal means, including by: (a) misappropriating plaintiff's

17  website through utilizing on defendants' own website exact copies of plaintiff's product

18  photographs, nomenclature, descriptions, and nutrition information without plaintiff's consent;

19  and (2) selling plaintiff's Back Shop products by removing or obliterating plaintiff's label and

20  affixing defendants' own label in its place.  (Id. ¶¶ 11-16.)  Plaintiffs' complaint asserts claims

21  for (1) false designation of origin under 15 U.S.C. § 1125(a)(1)(A); (2) false advertising under 15

22  U.S.C. § 1125(a)(1)(B); (3) copyright infringement under 17 U.S.C. §§ 101 et seq.; and (4) unfair

23  business practices under Cal. Bus. & Prof. Code §§ 17200 et seq. against all defendants.  (Id. ¶¶

24  17-40.)

25     After service of process, all defendants answered the complaint.  (ECF Nos. 6-7,

26  12-13, 15-16.)  On May 29, 2012, prior to the scheduled June 11, 2012 pretrial scheduling

1   conference before the district judge, the parties filed a joint status report in which defendants GN
2   Trade, Inc. and Vladimir Demin did not join, in light of their failure to respond to multiple
3   requests for input.  (ECF No. 17.)  On June 6, 2012, the district judge continued the pretrial
4   scheduling conference to September 17, 2012, and ordered the filing of a joint status report no
5   later than September 4, 2012, which was to include a response by all parties.  (ECF No. 22.)

6          In the meantime, on June 4, 2012, counsel for defendants GN Trade, Inc. and
7   Vladimir Demin filed a motion to withdraw, indicating that defendants GN Trade, Inc. and
8   Vladimir Demin (apparently the Chief Executive Officer of GN Trade, Inc.) had failed to pay
9   their counsel's fees and expenses, and had insisted on presenting an unfounded claim or defense,
10  resulting in a breakdown of the attorney-client relationship.  (ECF No. 20.)  At the July 30, 2012
11  hearing on the motion to withdraw, neither defendant Vladimir Demin nor another representative
12  of defendant GN Trade, Inc. appeared, and the district judge continued the hearing on the motion
13  until August 13, 2012.  (ECF Nos. 26, 27.)  The district judge was particularly concerned with
14  whether GN Trade, Inc. adequately appreciated that it could not as a corporation proceed without
15  counsel in federal court if the motion to withdraw were granted.  (ECF No. 27.)  The district
16  judge ordered defendant Vladimir Demin and a representative of defendant GN Trade, Inc. to
17  appear in person for the hearing and cautioned that failure to appear "may amount to contempt of
18  court and could result in sanctions being imposed against defendants."  (ECF No. 27.)

19         When these defendants also did not appear at the August 13, 2012 hearing as
20  ordered, the district judge again continued the hearing on the motion to withdraw to September
21  10, 2012, and ordered them to appear in person at that hearing and show cause why they should
22  not be held in contempt of court for their previous failure to appear.  (ECF No. 29, 30.)
23  Defendants Vladimir Demin and GN Trade, Inc. were further cautioned that they "may be
24  adjudged in contempt of court, have sanctions levied against them, including the entry of their
25  default, if they fail to appear at the September 10, 2012 hearing."  (ECF No. 30.)  On September
26  4, 2012, the other parties filed a joint status report in accordance with the district judge's prior

1  order, noting that defendants Vladimir Demin and GN Trade, Inc. had yet again not participated

2  in the drafting of that statement, either directly or through their withdrawing counsel, in violation

3  of the court's prior order.  (ECF No. 34.)  Finally, after defendants Vladimir Demin and GN

4  Trade, Inc. again failed to appear at the hearing on the motion to withdraw and otherwise failed

5  to respond to the court's order to show cause, the district judge granted their counsel's motion to

6  withdraw on September 12, 2012.  (ECF Nos. 36, 39.)  However, it does not appear that any

7  specific sanctions were issued at that time.

8         The next day, on September 13, 2012, the district judge issued a status (pretrial

9  scheduling) order.  (ECF No. 40.)  That order required the parties to serve initial disclosures

10  pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than September 28, 2012; disclose

11  experts and produce reports pursuant to Federal Rule of Civil Procedure 26(a)(2) no later than

12  May 1, 2013, with disclosure of rebuttal experts and reports no later than May 31, 2013;

13  complete[2] all discovery no later than July 1, 2013; and file any dispositive motions no later than

14  July 22, 2013.  (Id.)  The final pretrial conference and jury trial were set for September 30, 2013,

15  and October 29, 2013, respectively, before the district judge.  (Id.)

16         The instant motion to compel disclosures and discovery, accompanied by a

17  request for monetary and terminating sanctions, followed on June 3, 2013.  (ECF No. 48.)  In its

18  motion, plaintiff notes that, despite the court's September 28, 2012 deadline for serving initial

19  disclosures, defendants Vladimir Demin and GN Trade, Inc. have yet to make such disclosures.

20  Plaintiff further indicates that it had served a set of interrogatories and a set of requests for

21  production of documents on each defendant on February 15, 2013, and that defendants Vladimir

22  Demin and GN Trade, Inc. have also entirely failed to respond to those discovery requests.  (See

23

24         [2] The order defined "completed" as meaning that "all discovery shall have been
   conducted so that all depositions have been taken and any disputes relevant to discovery shall
25  have been resolved by appropriate order if necessary and, where discovery has been ordered, the
   order has been obeyed.  All motions to compel discovery must be noticed on the magistrate
26  judge's calendar in accordance with the local rules of this court and so that such motions may be
   heard (and any resulting orders obeyed) not later than July 1, 2013."  (ECF No. 40 at 3.)

1  Declaration of Stephen R. Hamilton, ECF No. 48 at 5-6 ["Hamilton Decl."], ¶¶ 4-6.)  On May

2  14, 2013, plaintiff's counsel sent each of these defendants a meet-and-confer letter concerning

3  the outstanding discovery, requesting that they serve the outstanding discovery responses without

4  objections, or at least contact plaintiff's counsel, by May 17, 2013.  (ECF Nos. 48-1, 48-2.)

5  According to plaintiff's counsel, no further response was received from defendants Vladimir

6  Demin and GN Trade, Inc.  (Hamilton Decl. ¶ 7.)

7          Plaintiff requests an order compelling defendants Vladimir Demin and GN Trade,

8  Inc. to serve responses to plaintiff's interrogatories and requests for production of documents,

9  without objection, as well as their initial disclosures, within ten (10) days.  Alternatively, plaintiff

10 requests terminating sanctions (i.e., an order striking these defendants' answers and entering their

11 default).  Plaintiff additionally points out that defendant GN Trade, Inc. is impermissibly

12 proceeding without counsel in federal court in violation of Local Rule 183.  Finally, plaintiff

13 requests $800.00 in monetary sanctions, which represents the fees and costs plaintiff incurred

14 with respect to meet-and-confer efforts and preparation of this motion.

15 DISCUSSION

16         Given the showing made by plaintiff's motion, plaintiff would certainly be

17 entitled to an order compelling defendants GN Trade, Inc. and Vladimir Demin to serve their

18 initial disclosures and responses to plaintiff's interrogatories and requests for production of

19 documents, with any objections waived.  However, in light of the history of this action, as

20 outlined above; the imminent discovery completion deadline; and defendants GN Trade, Inc. and

21 Vladimir Demin's apparent abandonment of their defense in this action, the court instead

22 concludes that terminating sanctions, in particular, an order striking these defendants' answers

23 and entering their default, are warranted.

24         Terminating Sanctions

25          Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part:

26         **(2) *Sanctions in the District Where the Action Is Pending.***

**(A)** *For Not Obeying a Discovery Order.*  If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders.  They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;

> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

...

**(C)** *Payment of Expenses.*  Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

As the Ninth Circuit Court of Appeals has observed, "[a] terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions."  <u>Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1096 (9th Cir. 2007); <u>see</u> <u>also</u> <u>Leon v. IDX Sys. Corp.</u>, 464 F.3d 951, 958 (9th Cir. 2006) (describing the sanction of dismissal as "harsh"); <u>Computer Task Group, Inc. v. Brotby</u>, 364 F.3d 1112, 1115 (9th Cir. 2004) (per curiam) (stating that where "the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad

1  faith").

2        The court considers five factors in evaluating whether a case-dispositive sanction

3  imposed pursuant to Federal Rule of Civil Procedure 37(b)(2) is justified: "(1) the public's

4  interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the

5  risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases

6  on their merits; and (5) the availability of less drastic sanctions."  Conn. Gen. Life Ins. Co., 482

7  F.3d at 1096; accord Computer Task Group, Inc., 364 F.3d at 1115.  As to the fifth factor, the

8  court further considers "whether the court has considered lesser sanctions, whether it tried them,

9  and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."

10  Conn. Gen. Life Ins. Co., 482 F.3d at 1096; accord Leon, 464 F.3d at 960.  The Ninth Circuit

11  Court of Appeals has stated that this multi-factor test is "not mechanical," Conn. Gen. Life Ins.

12  Co., 482 F.3d at 1096, and the court "need not make explicit findings regarding each of these

13  factors," Leon, 464 F.3d at 958.  Rather, the test "provides the district court with a way to think

14  about what to do, not a set of conditions precedent for sanctions or a script that the district court

15  must follow."  Conn. Gen. Life Ins. Co., 482 F.3d at 1096.  "What is most critical for case-

16  dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether

17  discovery violations threaten to interfere with the rightful decision of the case."  Id. at 1097.

18        Courts may also impose sanctions, including terminating sanctions, as part of their

19  inherent power "to manage their own affairs so as to achieve the orderly and expeditious

20  disposition of cases."  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Ninth Circuit has

21  held that the same five-factor test utilized in the context of Rule 37 sanctions applies when

22  considering sanctions under the court's "inherent power."  Leon, 464 F.3d at 958 n.4.

23        Although there has not been a prior court order with respect to the specific

24  discovery requests at issue here, defendants Vladimir Demin and GN Trade, Inc. have already

25  violated the district judge's order to provide initial disclosures back in 2012.  Additionally, as

26  outlined above, they have failed to appear at numerous hearings, failed to comply with the

7

district judge's order to show cause regarding such failures to appear, and basically declined to participate in discovery throughout this case.  An evaluation of the above-mentioned five factors shows that these defendants' conduct warrants terminating sanctions, whether imposed under Federal Rule of Civil Procedure 37 or under the court's inherent power.

Factors One and Two (the public's interest in expeditious resolution of litigation and the court's need to manage its dockets) strongly militate in favor of terminating sanctions, because these defendants' refusal to comply with the court's order to provide initial disclosures and with their discovery obligations generally has delayed resolution of the action and consumed scarce judicial time and resources.

The third factor (the risk of prejudice to the party seeking sanctions) likewise counsels that terminating sanctions are appropriate.  Defendants Vladimir Demin and GN Trade, Inc. have not merely delayed the provision of initial disclosures and discovery responses, but they have entirely failed to cooperate in discovery and the litigation in general.  Despite the imminent discovery completion deadline of July 1, 2013, and the upcoming pre-trial conference and jury trial in September/October 2013, these defendants have not even responded to plaintiff's overtures concerning the outstanding discovery.  Thus, these defendants have significantly hampered plaintiff's ability to prove its claims.  Their conduct therefore impairs plaintiff's ability to go to trial and threatens to interfere with the rightful decision of the case.  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990); see also Leon, 464 F.3d at 959 (prejudice results when a party's refusal to provide documents forces the other party to rely on incomplete and spotty evidence at trial).

With respect to the fifth factor (the availability of less drastic sanctions), the court finds that less drastic sanctions would not be effective.  As noted above, apart from defendants GN Trade, Inc. and Vladimir Demin's dilatory discovery conduct, they have failed to comply with numerous court orders, failed to appear at several noticed hearings (including the hearing on the instant motion), and failed to oppose this motion through written briefing.  Given this court's

1    usual reluctance to impose harsh terminating sanctions without granting the party potentially to

2    be sanctioned an opportunity to be heard, the court declined to vacate the hearing on plaintiff's

3    motion in the hope that these defendants might appear and provide some type of explanation for

4    their actions.  Nevertheless, it appears that they have opted to simply ignore noticed motions,

5    hearings, and the court's orders, and their conduct is indicative of willfulness and bad faith.

6              Turning to potential alternative sanctions, in light of defendants GN Trade, Inc.

7    and Vladimir Demin's failure to obey prior court orders, the court has little confidence that these

8    defendants would comply with any order to pay monetary sanctions and provide the requested

9    discovery.[3]  In any event, there is little time left for compliance with any discovery order under

10   the present scheduling order, and although case deadlines could conceivably be extended, that

11   would likely only reward two seemingly contumacious litigants.  Also, an evidence preclusion

12   sanction or an instruction regarding a presumption in favor of plaintiff would not cure the

13   prejudice resulting from plaintiff's inability to obtain from defendants GN Trade, Inc. and

14   Vladimir Demin the evidence needed to support plaintiff's claims.

15             Furthermore, the court observes that these defendants have had sufficient notice of

16   the potential for terminating sanctions in this matter.  The district judge previously cautioned

17   them that sanctions, including the entry of default, may be imposed if they failed to comply with

18   court orders.  (ECF No. 30.)  Plaintiff's instant motion also provided defendants GN Trade, Inc.

19   and Vladimir Demin with notice that terminating sanctions would be considered, and these

20   defendants failed to even respond to the motion.  Indeed, they can hardly claim to be surprised by

21   the imposition of terminating sanctions when they failed to abide by their discovery obligations,

22   failed to follow several court orders, and failed to appear at noticed court hearings.  Therefore,

23

24            [3] However, as noted below, the court also imposes monetary sanctions in the form of
     plaintiff's counsel's fees and costs associated with bringing this motion.  In the event that
25   defendants GN Trade, Inc. and Vladimir Demin pay those sanctions and file objections to the
     findings and recommendations, with appropriate explanations for their actions thus far, the court
26   may potentially reconsider its recommendation of terminating sanctions, if warranted.

9

1    the fifth factor also militates in favor of terminating sanctions.

2              Finally, the fourth factor (the public policy favoring disposition of cases on their

3    merits) is outweighed by the other factors.  In fact, even the policy favoring disposition of cases

4    on their merits lends little support to defendants GN Trade, Inc. and Vladimir Demin, because

5    their refusal to cooperate in discovery and comply with the court's orders obstructed resolution of

6    the case on its merits.  In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996).

7              Accordingly, after a careful evaluation of all the relevant factors, and finding

8    defendants GN Trade, Inc. and Vladimir Demin's noncompliance to be the result of willfulness,

9    fault, and/or bad faith, the undersigned concludes that terminating sanctions under Federal Rule

10   of Civil Procedure 37 and/or the court's inherent power are warranted.  In particular, the court

11   recommends that these defendants' operative answers be stricken and their default entered.[4]

12             The court further notes that entry of default against defendant GN Trade, Inc. is

13   appropriate on an additional basis.  Defendant GN Trade, Inc. has been without counsel since

14   September 12, 2012, and has apparently made no efforts to obtain new counsel or to seek an

15   extension from the court to do so.  As a corporation, defendant GN Trade, Inc. cannot proceed

16   without counsel in federal court.  E.D. Cal. L.R. 183(a) ("A corporation or other entity may

17   appear only by an attorney."); Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)

18   (holding that corporations, partnerships, or associations may not appear in federal court otherwise

19   than through a licensed attorney).  Accordingly, defendant GN Trade, Inc.'s answer should be

20   stricken, and its default entered, on this additional, independent basis.

21   ////

22   ////

23   _____

24        [4] Plaintiff has not requested a default judgment, nor has plaintiff submitted any briefing as
     to the propriety or form of a default judgment.  Indeed, given that there are multiple defendants in
25   this action, some of whom have been actively participating in the case, it is not clear whether
     entry of a default judgment would be appropriate under Federal Rule of Civil Procedure 54(b) at
     this juncture.  Accordingly, at this stage, the court merely recommends that the Clerk of Court
26   enter the default of defendants GN Trade, Inc. and Vladimir Demin.

1          Monetary Sanctions

2          The court concludes that plaintiff is also entitled to the requested monetary

3   sanctions. Fed. R. Civ. P. 37(b)(2)(C). Here, there does not appear to be any substantial

4   justification for defendants GN Trade, Inc. and Vladimir Demin's actions, nor would an award of

5   monetary sanctions be unjust under the circumstances. Plaintiff's counsel indicates that his

6   billing rate is $200.00/hour, that he spent about 3 hours on meet-and-confer efforts and

7   preparation of this motion, and estimated spending an additional one hour for attendance at the

8   hearing, for a total of $800. (Hamilton Decl. ¶ 8.) The court finds both the hourly rate and time

9   spent to be reasonable, and as such, awards the requested sanctions, which are to be paid within

10  fourteen (14) days. Failure by defendants GN Trade, Inc. and Vladimir Demin to pay these

11  sanctions will serve as additional grounds for the court's simultaneous recommendation that

12  terminating sanctions, as discussed above, be imposed.

13  CONCLUSION

14          Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

15          1.  Plaintiff's motion to compel (ECF No. 48) is GRANTED along the terms

16  outlined in this order and findings and recommendations.

17          2.  Within fourteen (14) days, defendants GN Trade, Inc. and Vladimir Demin

18  shall pay plaintiff $800 in monetary sanctions, for which they are jointly and severally liable.

19  Plaintiff shall file a brief statement with the court indicating whether such sanctions had been

20  paid upon expiration of that fourteen-day period. Any failure by these defendants to pay the

21  ordered monetary sanctions will serve as additional grounds for the court's simultaneous

22  recommendation that terminating sanctions be imposed.

23          IT IS ALSO HEREBY RECOMMENDED that:

24          1.  Defendants GN Trade, Inc. and Vladimir Demin's operative answers be

25  STRICKEN.

26  ////

11

1       2.  The Clerk of Court be directed to enter the default of defendants GN Trade,

2  Inc. and Vladimir Demin.

3       These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

5  (14) days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served on all parties and filed with the court within fourteen (14) days after service of the

9  objections.  The parties are advised that failure to file objections within the specified time may

10  waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

11  Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

12       IT IS SO ORDERED AND RECOMMENDED.

13  DATED:  July 1, 2013

14

15

16  KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26